

# Fourth Court of Appeals
## San Antonio, Texas

March 10, 2015

No. 04-14-00508-CV

Rudy **MENDEZ**,
Appellant

v.

**CITY OF SAN ANTONIO BUILDING STANDARDS BOARD**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-08659
Honorable Barbara Hanson Nellermoe, Judge Presiding

## O R D E R

On December 4, 2014, the trial court signed an order granting the contests to appellant's affidavit of indigence. Texas Rule of Appellate Procedure 20.1 provides as follows:

1) Motion. If the trial court sustains a contest, the party claiming indigence may seek review of the court's order by filing a motion challenging the order with the appellate court without advance payment of costs.

(2) Time for Filing; Extension. *The motion must be filed within 10 days after the order sustaining the contest is signed*, or within 10 days after the notice of appeal is filed, whichever is later. The appellate court may extend the time for filing on motion complying with Rule 10.5(b).

TEX. R. APP. P. 20.1(j)(1),(2) (emphasis added).

Therefore, appellant's request for review of the trial court's order was due no later than December 15, 2014. Appellant filed a letter, which we construe as an appeal from the trial court's order granting the contests, on February 9, 2015. However, because appellant did not timely seek review of the trial court's December 4, 2014 order, we do not consider the merits of his appeal from the order sustaining the contests. Therefore, appellant is required to pay the following costs on appeal.

A filing fee of $195.00 was due from appellant when this appeal was filed but it was not paid. *See* TEX. GOV'T CODE ANN. § 51.941(a) (West 2013); *id.* §§ 51.0051, 51.207(b)(1), 51.208 (West 2013); TEXAS SUPREME COURT ORDER REGARDING FEES CHARGED IN CIVIL CASES IN THE SUPREME COURT, IN CIVIL CASES IN THE COURTS OF APPEALS, AND BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Misc. Docket No. 13-9127, Aug. 16, 2013).

> A party who is not excused by statute or these rules from paying costs must pay – at the time an item is presented for filing – whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just.

TEX. R. APP. P. 5.

We therefore ORDER appellant, not later than March 19, 2015, to pay the applicable filing fee. If appellant fails to respond satisfactorily within the time ordered, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3.

The clerk's record of the underlying case has not been filed. Therefore, we further ORDER appellant to provide written proof to this court no later than March 19, 2015 that the clerk's fee has been paid or arrangements have been made to pay the clerk's fee. If appellant fails to file such written proof within the time provided, this appeal will be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b).

The reporter's record of the underlying case has not been filed. Therefore, if appellant desires a reporter's record, and has not already done so, appellant is hereby ORDERED to (1) request in writing, no later than March 19, 2015, that a reporter's record be prepared and (2) designate in writing, no later than March 19, 2015, the exhibits and those portions of the record to be included in the reporter's record. *Id.* The appellant is hereby ORDERED to file a copy of the request with both the trial court clerk, *id.* at 34.6(b)(2), and this court no later than March 19, 2015.

It is also ORDERED that appellant provide written proof to this court no later than March 19, 2015 that the reporter's fee has been paid or arrangements have been made to pay the reporter's fee. If appellant fails to provide such written proof within the time provided, this court will only consider those issues or points raised in appellant's brief that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of March, 2015.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court